IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
PLAINTIFF

vs.                                                       Civil Action No: 3:06CV-281-S

NEWBURG CHIROPRACTIC, PSC,
CANE RUN CHIROPRACTIC, PSC, and
MICHAEL PLAMBECK, DC, INDIVIDUALLY,
DEFENDANTS

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THEIR
MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS AND TO STAY EXPERT DISCOVERY PENDING A RULING ON
SAME**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Newburg Chiropractic, PSC, Cane Run Chiropractic, PSC, and Michael Plambeck,

DC, Individually, Defendants in the above styled and numbered cause, file this their Reply

to Plaintiff's Response in Opposition to Their Motion for Leave to File Motion for Partial

Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), and to Stay Expert Discovery

Pending a Ruling on Same, and state as follows:

## I.

## PLAINTIFF STATES THE WRONG STANDARD FOR THE ANALYSIS OF A MOTION FOR JUDGMENT ON THE PLEADINGS

In Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Motion for Partial Judgment on the Pleadings and to Stay Expert Discovery Pending a ruling on same ("Response"), the Plaintiff recognizes that a motion for judgment on the pleadings brought pursuant to Fed.R.Civ.P. 12(c) is governed by the same standard as a motion brought under Fed.R.Civ.P. 12(b)(6). See Response at p. 2. However, when presenting briefing to this Court regarding the standard governing the review of same, the Plaintiff identifies the Motion to Dismiss standard espoused by *Connelly v. Gibson*, 355 U.S. 41 (1957), a standard which has subsequently been retired. Specifically, *Bell Atlantic Corp. v. Twombly*, 550 S.W. 544 (2007), sent the standard espoused by *Connelly* to its well–deserved "retirement," as was subsequently confirmed by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). As stated in *Iqbal*, in order for a Plaintiff's complaint to state a viable claim and give sufficient notice to the defendant as to what claims are alleged, the plaintiff must plead "sufficient factual matter[s]" to render the legal claim plausible. *Iqbal*, 129 S.Ct. at 1494-50. As a result, even under the liberal notice pleadings standards of Fed.R.Civ.P. 8, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under a relevant legal theory. See 3 Wright & Miller, Fed. Prac. & Pro. Civil 2d § 1216 at 156-159. As a result, dismissal is proper if the complaint "lacks an allegation regarding a

required element necessary to obtain relief." 2A Moore's Fed.Prac. ¶ 12.07 [2.-5] at 12-91.

It is the modern *Iqbal* standard, rather than the *Connelly* standard, which governs the

determination of whether the Plaintiff's Complaint has adequately asserted a claim under

Count III.

## II.

### THE PLAINTIFF HAS FAILED TO DEMONSTRATE THAT A DELAY IN THE TRIAL WILL RESULT FROM CONSIDERING THE DEFENDANTS' MOTION

In its Response, the Plaintiff takes the inconsistent position that the trial schedule

in this matter will likely be disrupted by the Court's consideration of the Defendants'

Motion, even where no trial schedule has yet been set by this Court. *See* Response at p. 4.

Put simply, there is no reason to suppose that this is the case, and the Plaintiff has no

evidence or argument upon which to base same. *Id.* Further, the Plaintiff concedes that the

Defendants are entitled to have their claim that Count III of the Plaintiff's Complaint fails

to state a claim upon which relief can be granted addressed prior to the trial of this matter.

*Id.* at pp. 4-5. As it is clear that this issue will be addressed at some point in time before

trial, there is no viable reason, and the Plaintiff presents none, to mandate that the parties

engage in expensive and time consuming expert discovery which may ultimately be

rendered moot by order of this Court.[1] While the Plaintiff, number 31 on the 2009 list of

---

[1] The Plaintiff argues that this Motion is improper because filed after the dispositive motion deadline established in the Court's Scheduling Order. Response at p. 5. While it is true that, ideally, the Defendants' Motion for Partial Judgement on the Pleadings would have been filed previously, as discussed *infra* the Defendants' believed that the Plaintiff's claim was legally barred at the time of the filing of their Motions for Summary Judgment. As a result, because the Defendants reasonably believed that Count III was legally improper at the time they originally filed their dispositive motions (i.e., their motions for summary judgment),

Fortune 500 Companies,[2] may be willing to expend such large amounts of money on discovery which may ultimately be of no moment, the Defendants contend that it benefits all parties (and the judicial process generally) if costs which are unnecessary can be avoided without prejudicing a party's ultimate right to fully litigate valid claims. In this regard, the Plaintiff complains that Rule 12(i) would have the Court rule upon the Motion before trial, but fails to state how this would cause any harm to it. Response at pp. 4-5. To the contrary, dismissing an invalid claim prior to trial can serve only to save both sides from being forced to incur additional expenses (unless, of course, it is the Plaintiff's goal to force the Defendants to incur the greatest amount of legal expenses possible).

### III.

### THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE CONSIDERED BY THIS COURT

**A.**  **The Court Has Not Previously Held That A Fact Question Exists Regarding Count III**

Confusingly, among the reasons put forward by the Plaintiff as to why the Defendants' Motion for Leave to file their Motion for Partial Judgment on the Pleadings should be denied is that "[t]his Court has already ruled a fact question exists as to Count III." Response at p. 5. That is incorrect. Count III of the Plaintiff's Complaint is only mentioned in the Court's Memorandum Opinion once, and the Court merely observed that

---

the factual sufficiency of the Plaintiff's Complaint under Fed. R. Civ. P. 8 was not a pressing issue at that time.

[2] *See* http://money.cnn.com/magazines/fortune/fortune500/2009/snapshots/10199.htm.

it was "not barred by subsection 210(4)'s existence." *See* Memorandum Opinion [Doc. 130] at p. 8. Nothing therein recognized the existence of a fact question. *Id.* The Court merely observed that this cause of action was not barred by the existence of a statutory remedy, as the Defendants had argued in their Motions for Summary Judgment. *Id.* No genuine issue of material fact was identified. *Id.* As a result, the Plaintiff's assertion that the Court has recognized the existence of a fact question as to Count III of its Complaint is erroneous.

**B.     The Defendants' Proposed Motion for Judgment on the Pleadings Is Not A Motion for Summary Judgment**

Additionally, the Plaintiff argues that the Defendants' proposed Motion for Judgment on the Pleadings must actually be construed as a second motion for summary judgment pursuant to the requirements of Rule 12(d). *See* Response at pp. 5-6. It is undisputed that the Federal Rules of Civil Procedure require a Motion brought under Rule 12(b)(6) or Rule 12(c) which presents "matters outside the pleadings" which are "not excluded by the court" must be construed as a motion for summary judgment brought under Rule 56. Fed. R. Civ. P. 12(d). However, nothing in the Defendants' proposed Motion invokes "matters outside the pleadings" which would require such a conversion.

The crux of the Plaintiff's argument appears to be that in three instances the Defendants' Motion makes reference to this Court's Memorandum Opinion [Doc. 130]. *See* Response at p. 6. However, in each instance, the citation to the Court's Memorandum Opinion which is contained in the proposed Motion is merely a citation restating the contents of the Plaintiff's Complaint (*see* Proposed Motion at pp. 12, 15) or a point of

Kentucky law (*see* Proposed Motion at p. 11). In each instance, what is a citation to the Court's Memorandum Opinion could just as easily have been a citation to the Plaintiff's Complaint or to a Kentucky statute, rather than this Court's Opinion, and in each case the citations were used as a shorthand reference for same. None of these citations suggests that the Defendants' Motion is incorporating "matters outside the pleadings" and, in fact, the entirety of the Motion is focused exactly on the contents of the Plaintiff's Complaint and nothing more. There is nothing contained therein requiring the conversion of the Motion to one brought pursuant to Fed. R. Civ. P. 56.

Alternatively, even should this Court believe that these ciations invoke "matters outside the pleadings," the Court has the power to disregard them and consider the balance of the Motion as one brought challenging the validity of the Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(d); *Occupational Health Centers of the Southwest, P.A., P.S.C. v. Nunnelley,* 2010 WL 583687, *2 n.1 (W.D. Ky. Feb. 16, 2010). The Defendants request that the Court exclude such portion of the proposed Motion, if any, as it may deem necessary to comply with Fed. R. Civ. P. 12(c).

## C.   Defendants Are Not Seeking To Engage In Piecemeal Litigation, But Rather Are Responding To the Court's Rulings

The Plaintiff also complains that the Defendants' Motion engages in seriatim litigation, and that the Defendants have waived their opportunity to bring these arguments before the Court until time of trial due to the fact that they were not previously addressed. However, this case is not like the circumstances cited by the Plaintiff in *Southern*

*Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606 (5th Cir. 1993). In *Southern,* the issue was whether a party should be permitted to amend its complaint after a *judgment* was entered to add additional affirmative claims. *Id.* at 611. That is simply not the instant case. It is undisputed that in this case the Defendants had asserted as early as February 2008 their belief that subsection 210(4) precluded the existence of Plaintiff's asserted Count III based upon the facts at issue in this case. *See* Doc. 45. It was not until the Court ruled, nearly two years later, that Count III *did* assert an independent claim under Kentucky law that the issue of whether the facts as plead by the Plaintiff, taken as true, asserted a plausible claim for relief became relevant to the Defendants' analysis. While the Plaintiff asserts that the Defendants seek to circumvent the "law of the case," to the contrary, the Defendants are seeking to comply precisely therewith: by asserting that the Plaintiff has failed to allege facts which state a plausible right to relief based upon the existing legal claim the Court has recognized Count III asserts.[3] As a result, the Defendants' Motion for Leave should be granted and they should be permitted file their Motion for Partial Judgment on the Pleadings.

---

[3] Even the Plaintiff's response seems to concede that its Complaint has failed to state a plausible claim for relief. *See* Response at p. 10 n.4 (requesting the Court assume facts outside the Plaintiff's Complaint in order to render it viable).

DEFENDANTS' REPLY RE: MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND STAY EXPERT DISCOVERY                    Page 7
T:\223\6\6160\62133\Pleadings\reply, mtn for leave, 12(c).wpd

## IV.

## EXPERT DISCOVERY RELATING TO COUNT III SHOULD BE STAYED PENDING THE DETERMINATION OF THE DEFENDANT'S MOTION

Plaintiff correctly observes that the Defendants have also requested that the Court stay expert discovery during the pendency of the Court's determination of their Motion for Judgment on the Pleadings should it grant Defendants leave to file same. Response at p. 8. However, the grounds upon which the Defendants have so moved are not simply that such discovery would be "wasteful" should the Court ultimately grant the Defendants' motion, but rather that the discovery relevant to Court III of the Plaintiff's Complaint is anticipated to be extensive, time consuming, and extremely expensive as compared to the discovery relating to the Plaintiff's asserted Counts I and II.[4] The stay of discovery sought by the Defendants, which would, of course, be equally applicable to both sides, was sought for the purpose of preventing what could ultimately be the waste of significant financial resources should the Court ultimately determine that the Plaintiff's Complaint fails to state a claim upon which relief can be granted for Court III.[5] While it is understandable that a corporation the size of the Plaintiff might be more willing to spend funds which are

---

[4] This is, primarily, due to the fact that it is anticipated that both sides will employ experts relating to Count III of the Plaintiff's Complaint and that the time demands on these experts will be rather significant and, therefore, expensive.

[5] Plaintiff correctly observes that, while Defendants' Motion for Leave has been pending, Defendants have begun the process of engaging in expert discovery. Of course, the Defendants must do so until the Court enters an Order staying expert discovery, which relief they have requested.

ultimately for nought, it is ultimately beneficial for both sides to avoid unnecessary expense, when possible.

That being said, the Defendants are not requesting that all discovery in this matter be stayed. To the contrary, they only request that the expert discovery relating to Count III be stayed. In this regard, this request is less a request that disccovery be "stayed" and more accurately a request that it be phased, such discovery commencing, if necessary, after the Court's determination of the Defendants' Motion for Partial Judgment on the Pleadings. *See* Fed. R. Civ. P. 26(d). As Judge Posner has recognized for the en banc Seventh Circuit, "an order merely postponing a particular discovery request [] should be granted more freely than one denying the request altogether." *Marrese v. American Academy of Orthopaedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir.1984) (en banc) (Posner, J.), *rev'd on other grounds* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

Finally, the Plaintiff cites only one of the factors which has been identified in the five-factor analysis of whether a stay of discovery is appropriate: that of the public interest. Response at p. 10; *see, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 at *2 (D.Colo. Mar. 30, 2006) (listing the factors); *Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa.1980). Plaintiff contends that because its "policyholders were clearly damaged by payments sought and accepted by an unlicensed practitioner" that the public has some interest in the outcome of this litigation. Response at p. 10. While this line of reasoning may have some superficial appeal, unless the Plaintiff

plans on distributing any funds it may ultimately recover in this action to those individuals who were policyholders at the relevant times, it is much more reasonable to conclude that the public lacks any particular interest in the outcome of this litigation, particularly due to the fact that the licensing deficiency upon which the Plaintiff's claim is based has now (and has long since) been cured.

As detailed in the Defendants' Motion for Leave, the factors relating to whether a stay (or delay) of expert discovery in this matter is warranted weigh in favor such relief being granted in the instant action, and expert discovery should therefore be delayed pending the Court's ruling on Defendants' Motion for Partial Judgment on the Pleadings.

## V.

### REQUEST FOR RELIEF

Therefore, because the Defendants have good cause to request a modification to the Court's Scheduling Order, Defendants request that their Motion for Leave to File Motion for Partial Judgment on the Pleadings be granted. Further, because the Court's ruling on same could result in mooting the need for costly and extensive expert discovery, expert discovery should be stayed pending the Court's ruling on said Motion for Partial Judgment on the Pleadings. Finally, the Defendants plead for such other relief, at law or in equity, to which they may show themselves entitled.

Respectfully submitted,

MATTHEWS, STEIN, SHIELS,
PEARCE, KNOTT, EDEN & DAVIS, L.L.P.


By: /s/ Kenneth R. Stein
      KENNETH R. STEIN
      STATE BAR NO. 19128300
      8131 LBJ Freeway, Suite 700
      Dallas, Texas 75251
      (972) 234-3400
      (972) 234-1750 Telecopier

      ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that I filed the foregoing document electronically with the Court and served a true copy of the foregoing document on all counsel of record through the ECF Filing System in accordance with the Federal Rules of Civil Procedure on April 2, 2010.


      /s/ Kenneth R. Stein
      Kenneth R. Stein

DEFENDANTS' REPLY RE: MOTION FOR LEAVE TO FILE MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND STAY EXPERT DISCOVERY      Page 11
T:\223\6\6160\62133\Pleadings\reply, mtn for leave, 12(c).wpd