UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY         PLAINTIFF

v.         CIVIL ACTION NO. 3:06-CV-281-S

NEWBURG CHIROPRACTIC, P.S.C.,
CANE RUN CHIROPRACTIC, P.S.C., and
MICHAEL PLAMBECK         DEFENDANTS

### MEMORANDUM OPINION

On January 19, the court issued an order that (among other things) denied Michael Plambeck's motion for summary judgment as to Count II of State Farm's complaint and granted summary judgment as to liability to State Farm against Plambeck on a theory of mistake. Plambeck asks us, pursuant to Fed. R. Civ. P. 59(e), to vacate these adverse rulings on a variety of grounds. The defendants have also moved for leave to file a motion for partial judgment on the pleadings, and to stay discovery pending resolution of that motion.[1]

### I. Statute of Limitations

The court's prior opinion held that all of State Farm's claims against the P.S.C.s and Plambeck individually were timely filed, because owing to Kentucky's discovery rule the statute of limitations did not begin to run until State Farm actually learned that Plambeck was unlicensed. We will not revisit that legal conclusion here, as we continue to think that "reasonable diligence" did not require State Farm to investigate Plambeck's credentials (which he implied were valid) every time he or one of his offices filed a claim. *See Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971). We find here no "clear error of law," *Gencorp, Inc. v. American Intl Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), and decline to amend our judgment on this ground.

---

[1] The facts were set out in our prior opinion. We will repeat them here only as necessary.

The second pillar of our statute of limitations conclusion, however, has been legitimately called into question by "newly discovered evidence." *Id.* The court had read the affidavit of James Boorman, a State Farm employee, to say that State Farm did not learn of Plambeck's lack of license until May 2, 2005.[2] We now however have before us a copy of a letter from Linda Stratman of State Farm, dated April 20, 2004, stating plainly: "It is our understanding that Michael Kent Plambeck is the owner of Newburg Chiropractic. The Kentucky Board of Chiropractic Examiners confirms Mr. Plambeck is not a licensed chiropractor in the state of Kentucky." (Ex. A to Mot. for Recons. 2.) So State Farm in fact knew of Plambeck's lack of license more than a year before the court had previously thought; but the letter does not establish precisely what is the relevant date. There is as yet no definitive evidence of what that date is. Whether the statute of limitations bars recovery thus remains an open issue to be submitted to the jury.

The original complaint was filed on June 9, 2006, but mentioned only the P.S.C. defendants. Plambeck was not added as a defendant until March 17, 2009 (State Farm moved to amend on December 31, 2008). The claims against Plambeck (as sole proprietor of Newburg Chiropractic) ceased originating after he incorporated the P.S.C.s in February 2004. Depending on when State Farm is found to have discovered Plambeck's lack of license, therefore, it may be vitally important to know when State Farm is deemed to have commenced suit against him. Rule 15(c) allows relation back of an amended complaint seeking to substitute a new defendant. First, the claim asserted against the newly-designated defendant must satisfy Rule 15(c)(1)(B), which provides that the claim must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This requirement is clearly met here. Second, the new defendant must, within

---

[2] Plaintiff's counsel represented that this was the relevant date. (*See* Resp. to Def.'s Mot. for Summ. J. 7.)

Rule 4(m)'s time for serving process, have "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Plambeck, as owner of the P.S.C.s at the time the original complaint was filed, clearly had notice that the action had been filed, and there is no reason to think his defense has been prejudiced by the delay in adding his name to the case caption. Third, it must appear that within the same time frame the newly-designated defendant either "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The original complaint purported to cover a span of time preceding the existence of the P.S.C.s, so it should have been perfectly obvious to defense counsel and Plambeck himself that the P.S.C.s were not the proper target of that subset of the suit's claims. It must have been intended for someone else, and that someone could only have been Plambeck. Thus the third condition is met as well, and Rule 15(c)(1)(C) will allow relation back of the amendment to the original complaint.

Plambeck argues that Rule 15(c) does not apply to him, because he was added as a new party, thus creating a new cause of action that cannot relate back. We think, however, that this is a case of genuine "mistake" rather than an addition of a new party. Take, for example, *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), cited by Plambeck. There the original complaint named only "unnamed police officers"; an amendment naming specific individuals did not arrive until after the limitations period had expired. Lack of knowledge of who was the correct party to sue did not constitute mistake, so the amendment fell outside Rule 15(c). *See id.* at 240. Here, by contrast, the plaintiffs knew they intended to sue a chiropractic business owned and operated by Michael Plambeck. They were mistaken as to the legal designation of that entity prior to the 2004 creation of the P.S.C.s. The Seventh Circuit has explained the distinction thus: "Whether a plaintiff names

a fictitious defendant like 'John Doe' because he does not know who harmed him or names an actual—but nonliable—railroad company because he does not know which of two companies is responsible for his injuries, he has not made a 'mistake' concerning 'identity' within the meaning of Rule 15(c)[]. He simply lacks knowledge of the proper party to sue." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). State Farm knew all along what entity it wanted to sue: Michael Plambeck's chiropractic business. It was mistaken, in part, as to the legal identity of that business during the relevant time frame.

The First Circuit recently reached a similar conclusion in *Morel v. Daimler-Chrysler AG*, 565 F.3d 20 (1st Cir. 2009). Plaintiffs sued the Daimler-Chrysler Corporation. Only after the limitations period had run did they learn that in fact Daimler-Benz AG had manufactured the defective automobile, and that they therefore should have sued its successor, Daimler-Chrysler AG. They amended their complaint, and the court held that the amendment related back. The plaintiffs obviously "intended to sue the manufacturer of the allegedly defective automobile[, and f]or aught that appears, they made a mistake concerning the manufacturer's identity." *Id.* at 27. It was not a problem that the amendment added a new party, because but for the plaintiffs' bevue, they would have sued the right company. *Id.* Just so here. Plaintiff was mistaken as to who had harmed it in the period from 2000 to 2004, and would have sued Plambeck had it been aware he was their proper quarry. The amendment relates back.[3]

### II. Count II's KRS 304.39-210(4) Claim

---

[3] The practical effect of this relation-back will be to ensure that Plambeck can be held liable for all actions taken on or after June 9, 2001 (i.e. within the five years before the filing of the original complaint). So the previous discussion regarding State Farm's discovery of Plambeck's lack of license will only potentially affect those claims arising before that date.

Plambeck argues that we should have granted him summary judgment on State Farm's claim against him, in Count II of the complaint, under KRS 304.39-210(4). The three elements of this cause of action are: (1) that it paid benefits that were not payable; (2) that it did so because the defendant intentionally misrepresented a material fact; and (3) that it relied on that misrepresentation in deciding to pay the benefits. We have already ruled on element (2), in State Farm's favor, and will not revisit our conclusion here. Plambeck argues that he did not in fact concede element (1), and that the bills in question were not payable. "Payable" is not defined by the statute, but Black's tells us that it describes a sum of money "that is to be paid." Black's Law Dictionary (8th ed. 2004). The implication is that the money is due, that it is required to be paid. For State Farm to have been required to pay the money it did, Plambeck must have had legal authority to bill for it and to collect it. He did not, because he had no chiropractic license. It is irrelevant that the services may have actually been rendered by licensed practitioners, because Plambeck himself (as sole proprietor of his business) submitted bills and collected fees. He thereby "operat[ed] a chiropractic facility," and his actions required a license to be legally valid. KRS 312.145(3). Without a licence he had no authority to require State Farm to pay him. It is similarly irrelevant that Plambeck held licenses from other states, as Kentucky requires sole proprietors to hold Kentucky licenses. Where the legislature sees fit it is capable of allowing other states' licenses to suffice, as in the case of the shareholder of a P.S.C. It has made no such provision with respect to sole proprietors. The bills were not payable.

Plambeck also disputes our holding that State Farm has adequately proved reliance. While it is true that the only record evidence supporting this conclusion is a statement in Boorman's affidavit, the affidavit's contents are uncontradicted on this point and we think it sufficient at least to create a question of fact for the jury. Plambeck cannot obtain summary judgment on this claim.

### III. Mistake

It is hard to know what to make of Plambeck's assertion that common-law mistake is not a viable ground of recovery because "Plaintiff's claims against Defendants are not based on any contract." (Br. in Supp. of Recons. 12.) State Farm had insurance contracts with its clients. Plambeck and his businesses had contracts with various individuals to provide chiropractic services in exchange for money. Even absent direct contracts between State Farm and the defendants, there were contracts involved and contract law will bear on this business dispute.

Plambeck argues that full restitution is an inappropriate remedy. We disagree. Plambeck operated a business in contravention of Kentucky law, and was not entitled to collect any money at all for services performed under such an arrangement. The risk of loss involved in operating an illegal business, including paying for overhead and for staff salaries and bonuses, was his own. And to reiterate our prior opinion, we do not think that services performed at a facility operated in violation of state law constitute good consideration for State Farm's insurance payments, even if the patients were satisfied. Equity favors restitution here. Accordingly, we decline to revise our opinion with respect to the merits of State Farm's mistake claim.

### IV. Leave to File Motion for Partial Judgment on the Pleadings

The defendants have collectively asked permission to seek partial judgment on the pleadings with regard to Count III of the complaint, as amended. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a motion under Rule 12(c) for failure to state a claim on which the court can grant relief, "we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove

no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). If the court takes evidence or affidavits into account when ruling on such a motion, it must treat it as one for summary judgment. *See* Fed. R. Civ. P. 12(d). The point of the motion proposed by the defense is not to test the sufficiency of the plaintiff's evidence, but to test the sufficiency of its pleadings.

With all that in mind, we think it proper to allow the defense to offer its argument that the plaintiff has not stated a cognizable cause of action. Count III alleges that certain bills submitted by the defendants to State Farm were "improperly billed and charged and/or were not medically necessary and/or were not causally related to a covered motor vehicle accident, despite the fact that Defendants asserted that such claims were properly payable . . . ." (Compl. ¶ 21.) We stated in our prior opinion that "this cause of action requires no proof of misrepresentation and is not barred by [KRS 304.39-210(4)'s] existence." A better statement of our conclusion would have been simply to say that subsection 210(4)'s existence does not require us to dismiss Count III, as the defendants had requested. Indeed it may be the case that subsection 210(4) is the very basis for Count III. In all candor the court is unsure about what precisely is the nature of the cause of action asserted in Count III, as State Farm has nowhere in the complaint or in its briefing set it out explicitly. We could perhaps have already granted a motion to dismiss for failure to state a claim, but the defense made no such motion and we have not until this juncture had cause to consider the possibility.

While it is true that we had previously ordered dispositive motions to be filed by July 30, 2009, in this instance we do not think the interests of justice would be served by waiting until trial to decide whether Count III asserts a valid claim. Going through further discovery and so forth only to determine that the plaintiffs never had a possibility of recovery would be a waste of time and

resources. Consequently we will grant the defense's motion and permit the motion's filing.[4] We emphasize, however, that this is not to be a second round of summary judgment motions. Judgment will be had, if at all, only on the pleadings; we will exclude external evidence from our consideration.

We will also grant defendants' motion to stay expert discovery. The information to be uncovered would go only to the merits of Count III, but as we have said it is presently unclear what are the merits of that claim. That is, because we do not know what elements must be proved, we cannot very well know what questions to ask the experts. And if we wind up dismissing Count III, there will be no reason to engage in discovery related only thereto.

* * *

A separate order will issue amending the January 19 opinion and order to reflect the views expressed herein.

---

[4] State Farm responded only to the motion for leave, and not to the underlying motion for judgment on the pleadings. Responsive merits briefing will be due in the ordinary course. We suggest that plaintiffs' counsel use that opportunity to explain to us the precise legal nature of the claim.