UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
AT LOUISVILLE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO.  3:06CV-281-S

NEWBURG CHIROPRACTIC, PSC, ET AL.                                              DEFENDANTS

### ORDER

Plaintiff has filed a motion to quash and motion for protective order regarding defendants' deposition notice and subpoena to Kenneth A. Jenkins (docket no. 197).  Having reviewed the motion and all responses thereto, and having also heard oral argument from counsel, for the parties and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the motion is **DENIED** in part and **GRANTED** in part.

1.  The deposition of Dr. Jenkins shall take place in either his city of residence or the city of his employment.  Dr. Jenkins apparently prefers to be deposed in his own office.  If the parties cannot agree to that, and files necessary to the deposition need to be moved to the deposition location, defendants shall pay for all reasonable courier charges.  In addition, given that this deposition has been cancelled previously, defendants shall pay one-half of Dr. Jenkins's estimated hourly rate for the deposition when it is noticed.  The remainder shall be due within one week of the conclusion of the deposition.  The parties shall work collaboratively to schedule Dr. Jenkins's and Ms. Nichols's depositions within the next **thirty (30) days** of the date of entry of this order.

2.  The temporal scope for all documents produced pursuant to this order shall be governed first by the limitations specified in Fed. R. Civ. P. 26 and, if no limitation is specified therein, the temporal scope shall be from 2006 (the year in which this case was filed) to the present.  All documents shall be produced at least **seven (7) days** prior to Dr. Jenkins's deposition.  If any materials are withheld on the basis of privilege, or redacted on such a basis, plaintiff shall produce them in conjunction with a privilege log that is sufficiently detailed to permit both the court and the defendants to evaluate the legitimacy of the asserted claim of privilege.

3.  Plaintiff shall fully, fairly, and in good faith produce all documents identified in the *subpoena duces tecum* that are also required by Federal Rule of Civil Procedure 26, particularly Fed. R. Civ. P. 26(a)(2).

4.  With respect to materials not specifically addressed by Rule 26, but included in the list of items contained in the *subpoena duces tecum*, the parties have agreed that Dr. Jenkins need only produce items within his possession, custody, and control.  If any of the materials requested are in the public domain, and readily retrievable by the defendants, plaintiff need only identify those documents and where they may be obtained, with particularity.  If they are not in the public domain and easily available, plaintiff shall provide copies to defendants.

5.  With respect to information regarding Dr. Jenkins's income, plaintiff shall produce the requested information subject to the following constraints: plaintiff shall produce income Dr. Jenkins has received from State Farm with respect to all matters from 2006 to the present, and shall provide a separate accounting of income Dr. Jenkins has received with respect to this case in particular, with no temporal limitation.

      6.  The request for information regarding any disciplinary actions that may have been taken against Dr. Jenkins shall be subject to a "attorneys' eyes only" protective order, to be negotiated by counsel for the parties within **seven (7) days** of the entry of this order.  The temporal limitation for this request shall be 2000 to the present.

      7.  Defendant shall produce its expert reports withing **fifteen (15) days** of the depositions of Mr. Jenkins and Ms. Nichols, or within **forty-five (45) days** of the date of entry of this order, whichever is later.

      8.  Plaintiff shall complete the depositions of defendants' experts within **twenty-one (21) days** of the production of each expert's report.

      9.  Plaintiff shall produce any rebuttal reports within **thirty (30) days** of the last deposition of defendants' experts, and defendants shall file its rebuttal reports within **thirty (30) days** thereafter.

DATE:

Copies to:
Counsel of Record